UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THE HUNTINGTON NATIONAL BANK,

    Plaintiff,

v.                                                Case No. 13-11632

NAJERO, INC., et al.,

    Defendants.

                                              /

**OPINION AND ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT**

Plaintiff The Huntington National Bank, successor to Fidelity Bank and Community Bank of Dearborn, filed the instant action against Defendants Najero, Inc. ("Najero"), Norian Properties, Inc. ("Norian"), Kara Developments, LLC ("Kara"), NCI Services, Inc. ("NCI"), Ice Box Sports Center, LLC ("Ice Box"), Johno P. Norian, and Hagop Norian, alleging that Defendants breached certain contracts between the parties related to Plaintiff's issuance of two loans—one to Najero for $1,000,000 (the "Najero Loan") and the other to NCI for $714,422 (the "NCI Loan").

Plaintiff moves for summary judgment against Defendants. Plaintiff seeks a judgment, jointly and severally, in the amount of $1,075,480.84 for breaching agreements related to the Najero Loan, and a judgment against Defendants, jointly and severally, in the amount of $476,659.27 for breaching agreements related to the NCI Loan. Defendants concede that they executed and defaulted on the relevant loan agreements, but contend that Plaintiff has failed to establish that it sustained any injury for which damages could be entered because Plaintiff has not disposed of the collateral

securing the loans. The matter is fully briefed, and no hearing is needed. *See* E.D. Mich. LR 7.1(f)(2). For the reasons stated below, Plaintiff's motion for summary judgment is granted.

## I. BACKGROUND

On November 23, 2011, Plaintiff extended a $1,000,000 loan to Najero, Inc. pursuant to a loan agreement (the "Najero Loan Agreement"), (Dkt. # 32-4, Pg. ID 569-98), and a promissory note executed by Najero in Plaintiff's favor for the sum of the loan plus interest with a maturity date of November 23, 2014 (the "Najero Note"). (Dkt. # 32-2, Pg. ID 559-61.) The loan was secured by a guaranty of repayment of the Najero Note entered into by Defendants Johno P. Norian, Hagop Norian, Norian Properties, Inc., Kara Development, LLC, NCI Services, Inc. and Ice Box Sports Center, LLC (the "Najero Guarantors") and Artemis Norian, (Dkt. # 32-3, Pg. ID 563-66), a mortgage on property located at 21902 Telegraph Road, Brownstown Township, Michigan (the "Najero Property"), (Dkt. # 1-5, Pg. ID 41), and a mortgage on property located at 22100 Telegraph Road, Brownstown Township, Michigan (the "Norian Property"). (Dkt. # 1-6, Pg. ID 65.)

On April 8, 2005, NCI obtained a loan of $714,422 from Plaintiff and executed a promissory note in Plaintiff's favor for the sum of the loan plus interest with a maturity date of April 8, 2010.[1] (Dkt. # 32-5, Pg. ID 600-02.) NCI secured its loan with a mortgage on property located at 2674 Jefferson, Trenton, MI (the "NCI Property"). (Dkt. # 1-10, Pg. ID 130.) On November 23, 2011, Defendants Johno P. Norian, Hagop

---

[1] The NCI Note was modified by amendments dated November 1, 2007 and December 18, 2009. (Dkt. # 1, Pg. ID 4; Dkt. # 13, Pg. ID 200.)

Norian, Norian Properties, Inc., Najero, Inc., Kara Development, LLC, NCI Services, Inc. and Ice Box Sports Center, LLC (the "NCI Guarantors") and Artemis Norian executed a guaranty of repayment on the NCI Note, (Dkt. # 32-6, Pg. ID 604-08), and Plaintiff, NCI, the NCI Guarantors, and Artemis Norian entered into an agreement extending the maturity date of the NCI Note to November 23, 2013 (the "NCI Forbearance Agreement"). (Dkt. # 32-7, Pg. ID 610-30.)

It is undisputed that Defendants defaulted under the terms of the documents executed in connection with the Najero Loan and the NCI Loan by failing to make required payments. (Dkt. # 34, Pg. ID 658.)

Plaintiff filed the instant lawsuit asserting claims for breach of the Najero Note, the NCI Note, the NCI Forbearance Agreement, the Najero Guaranty, and the NCI Guaranty. (Dkt. # 1, Pg. ID 7-11.) The complaint also seeks appointment of receiver for, and judicial foreclosure of, the Najero Property, the NCI Property, and the Norian Property. (*Id.* at Pg. ID 11-19.)

This suit was temporarily resolved by a Settlement Agreement and a Stipulated Order for Dismissal without Prejudice entered on September 6, 2013. (Dkt. # 26, Pg. ID 227-28.) After Defendants failed to fulfill the terms of the Settlement Agreement, Plaintiff moved to have its lawsuit reinstated and to have a receiver appointed over certain encumbered properties, including the NCI Property, the Najero Property, the Norian Property the encumbered properties. (Dkt. # 32-8, Pg. ID 637.) On June 19, 2014, this court granted Plaintiff's motion. (Dkt. # 30, Pg. ID 512-36.)

Plaintiff now moves for summary judgment. Plaintiff seeks a money judgment against Defendants, jointly and severally, for breach of the Najero Note and Najero

3

Guaranty in the amount of $1,075,480.84—which consists of $886,860.46 in principal, $163,139.96 in accrued and unpaid interest, $10,628.40 as a late charge, and $14,852.02 for Plaintiff's costs and attorneys' fees. Plaintiff also seeks a money judgment against Defendants, jointly and severally, for breach of the NCI Note, the NCI Forbearance Agreement, and the NCI Guaranty in the amount of $476,659.27—which consists of $451,199.59 in principal, $8,143.70 in accrued and unpaid interest, $2,463.96 as a late charge, and $14,852.02 in costs and attorneys' fees. (Dkt. # 32, Pg. ID 555.)

## II. STANDARD

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "In deciding a motion for summary judgment, the court must view the evidence in the light most favorable to the non-moving party, drawing all reasonable inferences in that party's favor." *Sagan v. United States*, 342 F.3d 493, 497 (6th Cir. 2003). The movant has the initial burden of showing the absence of a genuine dispute as to a material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmovant, who must put forth enough evidence to show that there exists "a genuine issue for trial." *Horton v. Potter*, 369 F.3d 906, 909 (6th Cir. 2004) (citation omitted). Summary judgment is not appropriate when "the evidence presents a sufficient disagreement to require submission to a jury." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986).

The existence of a factual dispute alone does not, however, defeat a properly supported motion for summary judgment—the disputed factual issue must be material.

"A fact is 'material' for purposes of summary judgment if proof of that fact would establish or refute an essential element of the cause of action or defense." *Bruederle v. Louisville Metro Gov't*, 687 F.3d 771, 776 (6th Cir. 2012) (citation omitted).

### III.  DISCUSSION

To recover on a claim of breach of contract under Michigan law, a plaintiff must established the elements of a valid contract, "then prove by a preponderance of the evidence the terms of the contract, that the defendant breached the terms of the contract, and that the breached caused the plaintiff's injury." *In re Brown*, 342 F.3d 620, 628 (6th Cir. 2003).  Defendants concede that they entered into the loan documents and defaulted under their terms, but contend that Plaintiff has failed to establish that it has sustained any damages because Plaintiff possesses collateral with a fair market value greater than the alleged damages. (Dkt. # 34, Pg. ID 658.) Defendants argue that a secured creditor cannot obtain a money judgment until its collateral has been disposed of in a commercially reasonable manner. (Dkt. # 34, Pg. ID 660.) Defendants' argument is without merit.

Defendants cite to *United States v. Willis*, 593 F.2d 247 (6th Cir. 1979) for the proposition that a secured lender is compelled to sell collateral securing a loan before being able to pursue money damages for default on that loan.  However, in *Willis*, the Sixth Circuit held that, under the UCC, the duty to dispose of collateral in a commercially reasonable manner extends to a lender's decision to proceed by private or public sale without ever addressing whether a secured lender is required to dispose of the collateral before pursuing a money judgment.  *Id.* at 259.  Meanwhile, the Michigan Uniform Commercial Code (the "UCC") provides that, "[a]fter default, a secured party . .

. [m]ay reduce a claim to judgment, foreclose, or otherwise enforce the claim . . . by any available judicial procedure." Mich. Comp. Laws § 440.9601(1). The statute emphasizes that these rights "are cumulative and may be exercised simultaneously." Mich. Comp. Laws § 440.960(3); *see Spizizen v. Nat'l City Corp.*, No. 09-11713, 2011 WL 1429226, at *5 (E.D. Mich. Apr. 14, 2011) ("Michigan courts have been consistent in holding that, under the UCC, banks may seek money judgments against a debtor in default while simultaneously pursing other remedies, such as foreclosing on collateral."); *cf. Michigan Nat'l Bank v. Marston*, 185 N.W.2d 47, 51 (Mich. Ct. App. 1970) (concluding that "the intent of the [UCC] was to broaden the options open to a creditor after default rather than to limit them").

Furthermore, the Najero Guaranty and the NCI Guaranty both provide that "Guarantors waive all rights and defenses that Guarantors may have because the Indebtedness owing by [Plaintiff] is secured by real property. This means, among other things . . . "[Plaintiff] may collect from Guarantors without first foreclosing on any real or personal property collateral pledged by [Najero and NCI, respectively]." (Dkt. # 32-3, Pg. ID 564; (Dkt. # 32-6, Pg. ID 605.) This language waives the Defendants' argument and permits Plaintiff to pursue its claim for money damages against Defendants without disposing of the collateral. *See Comerica Bank v. Berman*, No. 2:10-cv-12952, 2011 WL 2144538 (E.D. Mich. May 31, 2011) (holding that a lender need not sell collateral before obtaining a judgment against a borrower where the loan documents expressly state such action is not required).

Defendants proffer no other arguments against Plaintiff's motion for summary judgment, and they do not challenge the amount of judgment requested by Plaintiff.

## IV.  CONCLUSION

For the reasons stated above, IT IS ORDERED that Plaintiff's motion for summary judgment (Dkt. # 32) is GRANTED.

      s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: September 15, 2014

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 15, 2014, by electronic and/or ordinary mail.

      s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522