UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THE HUNTINGTON NATIONAL BANK,

    Plaintiff,

v.                                Case No. 13-11632

NAJERO, INC., et al.,

    Defendants.
                                          /

**OPINION AND ORDER DENYING WITHOUT PREJUDICE RECEIVER'S EXPEDITED MOTION TO CONFIRM CONTRACT FOR SALE OF REAL PROPERTY**

On November 23, 2011, Plaintiff extended a $1,000,000 loan to Defendant Najero, Inc., which was secured by, *inter alia*, a guaranty of repayment executed by the remaining defendants (Dkt. # 32-3, Pg. ID 563-66) and a mortgage on property located at 22100 Telegraph Road, Brownstown Township, Michigan (the "Norian Property"). (Dkt. # 1-6, Pg. ID 65.)  The court entered a stipulated order on June 19, 2014, appointing M. Shapiro Development Company LLC ("Receiver") as receiver for the Norian Property and additional mortgaged properties.  (Dkt. # 30, Pg. ID 516.)  On September 15, 2014, the court granted Plaintiff's motion for summary judgment and entered judgment in favor of Plaintiff and against Defendants in the amount of $1,552,140.11.  (Dkt. ## 35, 36.)

Now before the court is a motion by the Receiver to waive the requirements of 28 U.S.C. § 2001 and confirm the sale of the property located at 22100 Telegraph Road, Brownstown Township, Michigan (the "Norian Property") for a sum of $400,000.   After listing the Norian Property on a real estate marketing website and installing a marketing

sign, the Receiver received a phone call from Ed Boutrous expressing interest in the property. (Dkt. # 37, Pg. ID 679-80.) Negotiations concluded with execution of the purchase agreement for which the Receiver now seeks the court's approval. (Dkt. # 37-2, Pg. ID 684-95.) Defendants object to the Receiver's motion on the ground that the proposed sale price is one-third below the value of the property. (Dkt. # 40, Pg. ID 848.) The motion will be denied.

> The private sale of realty is governed by 28 U.S.C. § 2001(b), which provides:
>
> After a hearing, of which notice to all interested parties shall be given by publication or otherwise as the court directs, the court may order the sale of such realty or interest or any part thereof at private sale for cash or other consideration and upon such terms and conditions as the court approves, if it finds that the best interests of the estate will be conserved thereby. Before confirmation of any private sale, the court shall appoint three disinterested persons to appraise such property or different groups of three appraisers each to appraise properties of different classes or situated in different localities. No private sale shall be confirmed at a price less than two-thirds of the appraised value. Before confirmation of any private sale, the terms thereof shall be published in such newspaper or newspapers of general circulation as the court directs at least ten days before confirmation. The private sale shall not be confirmed if a bona fide offer is made, under conditions prescribed by the court, which guarantees at least a 10 per centum increase over the price offered in the private sale.

While § 2001(b) contains discretionary language that allows courts to order the sale of realty "upon such terms and conditions as the court approves, if it finds that the best interests of the estate will be conserved thereby," the statute also includes mandatory language stating that (1) the court "shall appoint" three appraisers, (2) "[n]o private sale shall be confirmed at a price less than two-thirds of the appraised value," (3) the sale "shall be published" in newspapers at least ten days before confirmation, and (4) the sale "shall not be confirmed" if a bona fide offer guaranteeing "at least a 10 per centum increase" is made. 28 U.S.C. § 2001(b). "The permissive language

2

allowing the Court discretion to determine what is in the best interests of the estate is therefore limited by the minimum standards delineated by Congress of what satisfies the best interest standard. These standards cannot be waived by this Court." *Huntington Nat. Bank v. JS & P, L.L.C.*, No. 2:13-cv-13841, 2014 WL 4374355, at *2 (E.D. Mich. Sept. 4, 2014) (citation omitted); *see also U.S. S.E.C. v. Wilson*, No. 12-cv-15062, at *2 (E.D. Mich. Mar. 28, 2013) ("The word *shall* in § 2001(b) unambiguously means *must*, and so this Court interprets the word just so. Before confirmation of any private sale, a court must appoint three disinterested persons to appraise the property. One will not do." (emphasis in original)).

Although the court cannot waive the requirements of § 2001(b), the requirements can be waived by the parties. *See Huntington Nat'l Bank v. Big Sky Dev. Flint*, No. 10-10346, 2010 WL 3702361, at *2 (E.D. Mich. Sept. 16, 2010). In *Big Sky Dev. Flint*, upon the concession of the defendant-intervenor, the court found that the § 2001(b) requirements were waived where the parties stipulated to a receivership order which provided that the receiver has "the fullest powers and duties of a receiver permitted under applicable law and equity" including the power to "negotiate and execute sales agreements with potential buyers of the Property . . . ." *Id.* at *2. While the stipulated order appointing the Receiver in the instant case contains broad language authorizing the Receiver to "recommend and consummate the sale of [the properties] (subject to the approval of the Court), as he deems appropriate . . . " (Dkt. # 30, Pg. ID 516), the order contains further language narrowing the Receiver's authority:

> The Receiver is authorized to . . . expeditiously and diligently sell . . . the Norian Property [and other properties and assets], with the approval of the

3

> Court, *consistent with the provisions of 28 U.S.C. §2001(a)*, under the following conditions: (a) Each sale shall be for cash, unless otherwise authorized by the Court, for an amount subject to the approval of the Court . . . .

(*Id.* at 522-23 (emphasis added).)[1]

The court finds that the stipulated order did not waive the § 2001 requirements, as it specifically authorizes the Receiver to sell the properties "with the approval of the Court, consistent with the provisions of 28 U.S.C. § 2001(a)." (*Id.* at 522-523.)

Section 2001(a) governs the public sale of realty, and § 2001(b) governs the private sale of realty. Defendants do not argue that the Receiver lacks authority to consummate a private sale of the Norian Property under § 2001(b); instead, Defendants challenge the proposed sale only on the ground that the sale price is unfair. (Dkt. # 40, Pg. ID 851.) Irrespective of whether the sale price is fair, the court does not have authority to confirm the proposed contract for sale of the Norian Property because the

---

[1] Section 2001(a) provides:

(a) Any realty or interest therein sold under any order or decree of any court of the United States shall be sold as a whole or in separate parcels at public sale at the courthouse of the county, parish, or city in which the greater part of the property is located, or upon the premises or some parcel thereof located therein, as the court directs. Such sale shall be upon such terms and conditions as the court directs.

Property in the possession of a receiver or receivers appointed by one or more district courts shall be sold at public sale in the district wherein any such receiver was first appointed, at the courthouse of the county, parish, or city situated therein in which the greater part of the property in such district is located, or on the premises or some parcel thereof located in such county, parish, or city, as such court directs, unless the court orders the sale of the property or one or more parcels thereof in one or more ancillary districts.

28 U.S.C. § 2001(a).

4

mandatory requirements of the § 2001(b) have not been fulfilled. The statute requires that the court "appoint three disinterested persons to appraise such property or different groups of three appraisers each to appraise properties of different classes or situated in different localities." 28 U.S.C. § 2001(b). The three appraisals have not been conducted. Accordingly, the court does not have authority to grant the Receiver's motion.

IT IS ORDERED that Receiver's Expedited Motion to Confirm Contract for Sale of Real Property, Proof of Service (Dkt. # 37) is DENIED WITHOUT PREJUDICE.

    s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: October 27, 2014


I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 27, 2014, by electronic and/or ordinary mail.

    s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522